UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RIVERVIEW HEALTH INSTITUTE, on its own behalf and on behalf of all others similarly situated, | Case No. 15-CV-3064 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| UNITEDHEALTH GROUP INC.; UNITED HEALTHCARE SERVICES, INC.; UNITED HEALTHCARE INSURANCE COMPANY; and OPTUM, INC., | |
| Defendants. | |

Jason S. Cowart, D. Brian Hufford, and William K. Meyer, ZUCKERMAN SPAEDER LLP; Karen Hanson Riebel, Kristen G. Marttila, Kate M. Baster-Kauf, LOCKRIDGE GRINDAL NAUEN P.L.L.P.; Anthony F. Maul, THE MAUL FIRM, P.C.; Vincent N. Buttaci, John W. Leardi, and Paul D. Werner, BUTTACI & LEARDI, LLC; Kenneth A. Lazarus, LAZARUS & ASSOCIATES, for plaintiff.

Gregory F. Jacob, Brian D. Boyle, and Meaghan VerGow, O'MELVENY & MYERS LLP; Timothy E. Branson and Erin P. Davenport, DORSEY & WHITNEY LLP, for defendants.

Plaintiff Riverview Health Institute ("Riverview") is a private, family-owned hospital in Dayton, Ohio. Riverview brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., against UnitedHealth Group, Inc. and various related entities (collectively "United"). Riverview alleges that United, acting as the claims administrator for various health plans governed by ERISA, has

wrongfully failed to pay certain claims on behalf of Riverview's patients. Instead, United has withheld the payments in order to satisfy alleged overpayments that United made to Riverview on behalf of different patients enrolled in different plans. Riverview alleges that these "cross-plan offsets" violate the terms of the plans and ERISA.

Riverview brings two types of claims under ERISA: (1) claims under 29 U.S.C. § 1132(a)(1)(B), which authorizes lawsuits by ERISA plan participants and beneficiaries to recover benefits, and (2) claims under 29 U.S.C. § 1132(a)(3), which authorizes lawsuits by ERISA plan participants, beneficiaries, and fiduciaries to enjoin violations of ERISA.[1]

Riverview is not a participant in or beneficiary or fiduciary of any of the ERISA plans at issue. *See* 29 U.S.C. § 1002(7), (8), (21) (defining participant, beneficiary, and fiduciary); 29 U.S.C. § 1102(a) (defining "named fiduciary"). Nor does Riverview have a contractual relationship with United. (Riverview is an "out of network" ("ONET") provider.) Riverview nevertheless contends that it has standing to bring this action because its patients have executed a standard "Assignment of Medical Benefits" form, which, among other things, assigns to Riverview "any causes of action against the

---

[1]Riverview has voluntarily dismissed Count III of its complaint, which alleged breach of fiduciary duty under 29 U.S.C. § 1132(a)(2). *See* ECF No. 36.

Health Insurer or Insurers arising from my contractual rights arising out of the procedure" provided by Riverview. Am. Compl. ¶ 10.[2]

This matter is before the Court on United's motion to dismiss. United initially raised numerous arguments but, based on the Court's rulings on similar arguments in a related case, see *Peterson v. UnitedHealth Group Inc.*, No. 14-CV-2101 (D. Minn. filed June 23, 2014), the parties have resolved or deferred all issues except one: Do the anti-assignment provisions in some of the plans nullify some of the assignments to Riverview and thus deprive Riverview of standing to pursue some of its claims in this lawsuit? *See* Hr'g Tr. 3-4 (Nov. 16, 2015) [ECF No. 51].

United relies on anti-assignment clauses found in 19 of the ERISA plans at issue, contending that Riverview lacks standing with respect to claims under those plans because the anti-assignment clauses barred the patients' assignments. The Court agrees with Riverview, however, that United's argument is foreclosed by *Lutheran Medical Center of Omaha, Nebraska v. Contractors, Laborers, Teamsters & Engineers Health & Welfare Plan*, 25 F.3d 616 (8th Cir. 1994), *abrogated on other grounds by Martin v. Arkansas Blue Cross & Blue Shield*, 299 F.3d 966 (8th Cir. 2002).

---

[2]The parties stipulated that Riverview may file a first amended complaint. *See* ECF No. 45. Riverview has not yet filed its first amended complaint, but a copy of it is attached to the parties' stipulation at ECF No. 45-1.

In *Lutheran Medical*, the plaintiffs (a hospital and a physician) sued an ERISA plan to recover benefits for services that they provided to a patient (who was, of course, a plan participant). *Lutheran Med. Ctr.*, 25 F.3d at 618. The patient and her husband had executed assignments to the plaintiffs, but the ERISA plan argued (as United argues here) that the assignments were invalid under the plan's anti-assignment clause. *Id.* at 618-19. That clause provided:

> No employee shall at any time, either during the life of said Trust, or upon the termination thereof, or upon his withdrawal or severance therefrom, in any manner, have any right to assign his rights or benefits under such Plan or this Trust, or to receive a cash consideration in lieu of such benefits.

*Id.* at 619. The Eighth Circuit held that this language "does not prevent [plaintiffs] from suing the Plan" because while it "clearly prohibits assignment of 'rights or benefits' under the Plan, [it] does not prohibit assignment of causes of action arising after the denial of benefits." *Id.*

The anti-assignment provisions on which United relies in this case are materially indistinguishable from the anti-assignment provision in *Lutheran Medical*. Indeed, nearly all of the anti-assignment provisions cited by United are *narrower* than the anti-assignment provision in *Lutheran Medical*. In this case, 17 of the 19 clauses simply prohibit the assignment of "benefits," which is clearly insufficient to bar the assignment of a cause of action under *Lutheran Medical*. *See* VerGow Decl. ¶ 2 & Ex. 1 (chart setting

forth anti-assignment clauses from 19 of the plans at issue); *Lutheran Med. Ctr.*, 25 F.3d at 619 (prohibiting the assignment of benefits is insufficient to prohibit assignment of causes of action that arise from the denial of benefits).

Two of the plan provisions in this case contain somewhat broader language. *See* VerGow Decl. Ex. 1 at 1 (citing language from the Enterprise Holdings and Georgia Pacific plans). In neither case, however, is the language materially broader than the language of the anti-assignment clause in *Lutheran Medical*. And, again, the Eighth Circuit held that the anti-assignment clause in *Lutheran Medical* did not nullify the patient's assignment to the hospital and physican, despite the fact that the clause deprived patients of "any right to assign [their] rights or benefits under [the] Plan" "at any time" or "in any manner . . . ." *Lutheran Med. Ctr.*, 25 F.3d at 619.

United relies in particular on the anti-assignment provision in the Enterprise Holdings plan, which states that "actual claims for benefits . . . are not assignable . . . ." VerGow Decl. Ex. 1 at 1. United contends that this language bars the assignment of causes of action. The Court disagrees. The upshot of *Lutheran Medical* seems to be that an anti-assignment clause must be explicit in barring the assignment of *causes of action* that arise upon the denial of a claim for benefits. It was not enough, in *Lutheran Medical*, to bar the assignment of "rights or benefits under [the] Plan . . . ." Language barring the assignment of "claims for benefits" is not, in the Court's view, explicit enough under

*Lutheran Medical* to bar the assignment of causes of action; in ordinary usage, a "claim for benefits" refers to a claim filed with an insurer, not a lawsuit brought against an insurer for denying a claim for benefits. Moreover, the provision also expressly *grants* permission to assign benefits once they have been determined to be due: "payments that are determined to be due may be assigned or directed to providers." VerGow Decl. Ex. 1 at 1. In this case, the assignments to Riverview fit within that grant because Riverview is seeking payments that United has determined to be due. *See* Am. Compl. ¶ 35.

United attempts to get out from under *Lutheran Medical* by arguing that the Eighth Circuit did not actually hold that the language of the anti-assignment clause was ineffective to preclude assignment of a cause of action for benefits. Instead, United argues, *Lutheran Medical* actually held that the plan was estopped from relying on its anti-assignment clause. The Court disagrees.

It is true that the Eighth Circuit held that the plan's conduct in paying benefits directly to assignees—as well as the fact that the plan's summary plan description allowed assignments—permitted a finding that the plaintiffs had standing. *Lutheran Med. Ctr.*, 25 F.3d at 619. The Eighth Circuit did not expressly state that these circumstances estopped the plan from relying on the anti-assignment clause, but that

seems to be what the Eighth Circuit meant. *See id.* (describing the district court's finding of estoppel).

The Eighth Circuit's estoppel finding was, however, an alternative holding. Before reaching the issue of estoppel, the court first held that the language of the anti-assignment clause did "not prohibit assignment of causes of action arising after the denial of benefits." *Id.* The Eighth Circuit could not have been clearer. The fact that the Eighth Circuit articulated a second, independent reason for its ruling does not mean that its alternative holding is mere dicta; both holdings are equally binding on this Court. *See Massachusetts v. United States*, 333 U.S. 611, 623 (1948) (alternative holdings are both binding); *Sutton v. Addressograph-Multigraph Corp.*, 627 F.2d 115, 117 n.2 (8th Cir. 1980) (per curiam) ("When two independent reasons support a decision, neither can be considered obiter dictum, each represents a valid holding of the court." (quoting *Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 408 n.4 (3d Cir. 1980))).

United also argues that its anti-assignment clauses are sufficient under *Arkansas Blue Cross & Blue Shield v. St. Mary's Hospital, Inc.*, 947 F.2d 1341 (8th Cir. 1991). In that case, an insurer sought a declaratory judgment that ERISA preempted an Arkansas statute that required all written contracts for the payment of money to be assignable. *Id.* at 1343-44. Preemption was the "only issue" before the court. *Id.* at 1344. The Eighth Circuit was not called upon to decide whether the anti-assignment clause in the

insurer's plans was sufficient to preclude the assignment of a cause of action for benefits.

True, the Eighth Circuit noted that, before the Arkansas Supreme Court interpreted the state law to apply to ERISA plans, the insurer "had the contractual right to determine who received payment of welfare benefits" under its anti-assignment clause. *Id.* at 1343. But this statement is merely part of a recitation of background facts. It is not a holding. In fact, there is no suggestion anywhere in the Eighth Circuit's opinion that the parties contested the meaning or effect of the insurer's anti-assignment clause, and thus the Eighth Circuit simply had no occasion to address the issue. Moreover, even if this statement is a holding, the Eighth Circuit merely "held" that the clause gave the insurer the right to determine who received payment of welfare benefits; it did not say anything about assignments of causes of action. In contrast, *Lutheran Medical* is directly on point and holds that anti-assignment clauses such as the clauses on which United relies in this case are insufficient to prevent the assignment of causes of action. *Arkansas Blue Cross* is therefore of no help to United.

Finally, United suggests that *Lutheran Medical* is distinguishable because of the timing of the execution of the assignments. In *Lutheran Medical*, the patient did not assign anything until after her benefits were denied. In this case, by contrast, Riverview's patients allegedly executed assignments as a matter of course at the time of

treatment. It is true that the Eighth Circuit noted in *Lutheran Medical* that "nothing in ERISA prohibits a plan participant from assigning a cause of action to a health care provider after the services have been rendered and the loss incurred . . . ." *Lutheran Med. Ctr.*, 25 F.3d at 619. But this is not the same as a holding that ERISA *does* prohibit a pre-loss assignment of a cause of action. United has not identified anything in ERISA—or any regulation or judicial opinion interpreting ERISA—that prohibits a participant from assigning a potential cause of action *before* services are rendered and a loss incurred.

In sum, *Lutheran Medical* constrains this Court to hold that the anti-assignment provisions in the plans administered by United did not prohibit the patients from assigning their causes of action to Riverview. United's motion to dismiss is therefore denied.[3]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendants' motion to dismiss [ECF No. 26] is DENIED.

---

[3] Because the Court holds that the anti-assignment clauses did not prohibit the assignments to Riverview, the Court does not reach the question of whether United would be estopped from relying on the anti-assignment clauses if they *did* prohibit those assignments.

Dated:  December 30, 2015          s/Patrick J. Schiltz  
                                                              Patrick J. Schiltz  
                                                              United States District Judge